IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,                                                                   Case No. 1:17-cr-695-JMC

v.

CHARMAINE PERALTA,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION
## FOR RELEASE PENDING APPEAL

On September 12, 2018, Defendant filed an opposed Motion for Release Pending Appeal. Because Defendant entered a plea of guilty to an offense described in 18 U.S.C. § 3142(f)(1)(A), 18 U.S.C. § 3143(b)(2) requires she "be detained." On August 2, 2018, the Court sentenced Defendant to thirty (30) months imprisonment, but allowed her sixty (60) days to self-surrender to the United States Marshals Service. In her motion, Defendant requests that the Court allow her to remain released pending an appeal at least until the state court concludes her parental rights proceedings. For the reasons set forth below, the Court denies Defendant's motion.

Defendant may be released pending appeal, but only if she meets the conditions of 18 U.S.C. § 3143(b)(1)(A) & (B). Under that statute, the Court must find by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person in the community and that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Defendant represents that she has been involved in state judicial proceedings initiated by the New Mexico Department of Children, Youth, and Families concerning her parental rights to her three sons. Two of the three cases are still pending in state court. Defendant believes that these proceedings will conclude within six months and requests that the Court release her pending appeal, at least pending a resolution of her state court case. In support of this request, Defendant points to her performance on pre-trial release, her period of sobriety, and her attendance record at all judicial proceedings. She believes this provides the clear and convincing evidence the Court would need to demonstrate that she will not flee the jurisdiction or pose a danger to any other person. Moreover, Defendant argues that this case presents a substantial question of law likely to result in reversal. Namely, that the Court improperly applied a three-level enhancement for bodily injury as a result of the assault at issue, which, according to Defendant, left bite marks on the task force officer's skin, but did not pierce the skin.

The Court has been impressed with Defendant's performance on pretrial release, her exceptional turnaround with respect to parenting her children and her continued sobriety. The Court does not believe, however, that Defendant's appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. Under the United States Sentencing Guidelines, United States Probation and Pretrial Services initially concluded Defendant's Guideline range of imprisonment to be 92 to 115 months. The Court, however, concluded the statutory maximum for the conviction was 96 months. The Court further denied (1) a two-level enhancement found in paragraph 21 of the presentence report for a defendant

convicted under 18 U.S.C. § 111(b); and (2) a four-level enhancement found in paragraph 19 of the presentence report for Defendant using her teeth as a dangerous weapon.

After subtracting six levels to reach the appropriate base Guideline level of 14, the Court held that a three-level enhancement for bodily injury was appropriate. Application Note 1(B) to Guideline 1B1.1 provides that "'Bodily Injury' means any significant injury; *e.g.*, an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." The Government presented testimony of the officer and a picture of the bite wound. The Government satisfied by a preponderance of the evidence that the task force officer victim in this case suffered a painful and obvious injury. The Court additionally applied a six-level enhancement found in paragraph 22 of the presentence report pursuant to 2A2.2 and subtracted three-levels for acceptance of responsibility. This resulted in a total offense level of 20, as opposed to 26. The defendant had a criminal history category of IV. The Guideline range was 51 to 63 months imprisonment. Without the three-level enhancement Defendant challenges in her motion, her Guideline range would have been 37 to 46 months.

The Court considered the factors set forth in 18 U.S.C. § 3553(a) and determined that the following factors existed that warranted a sentence outside the Guideline range: (1) the nature and circumstances of the offense; (2) the history and characteristics of Defendant; (3) the need to reflect the seriousness of the offense; (4) the need to provide just punishment for the offense; (5) deterrence; (6) the need to protect the public from further criminal conduct by Defendant; and (7) the need for educational or vocational training, medical care, or other corrective treatment that might benefit Defendant. The Court recognized Defendant's substantial history with drug use, which led her to a life of being involved in crime. The Court acknowledged Defendant's

3

significant criminal history and stated it would impose a term of imprisonment which would both reflect the seriousness of the offense and provide just punishment for the offense.

After evaluating the above-listed factors, the Court found that Defendant was involved in assaulting a law enforcement officer by biting and kicking him and causing him bodily injury. The Court noted her history of resisting arrest and other assaultive conduct. The Court acknowledged that Defendant experienced a tumultuous childhood involving physical abuse, severe neglect, and sexual molestation. The Court recognized that she is a single parent of three minor children, that she completed residential treatment programs, that she is enrolled in a charter school, and that she has limited employment experience. The Court recommended mental health treatment while she is in custody because of her history of trauma, abuse, and depression. The Court noted that Defendant has fully complied with the requirements of her pretrial release. Accordingly, the Court granted Defendant a variance below the advisory Guideline imprisonment range that took into account the exact nature of this specific offense in order to provide Defendant with a sentence that would be reasonable and sufficient, but not greater than necessary, to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a). Acknowledging that Defendant engaged in serious conduct, resisted and impeded a federal officer, and did cause bodily harm to that officer, the Court committed Defendant to the custody of the Bureau of Prisons for a term of thirty months.

In her motion, Defendant states the "issue of whether the task force officer she assaulted suffered bodily injury which justifies a sentence of 30 months in prison is a close question of law." As discussed above, even if the Court would not have applied the three-level enhancement for bodily injury, Defendant's total offense level would have been a 17 resulting in a Guideline range of 37 to 46 months. The Court considered the injury to the officer, granted a variance, and sentenced Defendant to a sentence *lower* than if it would not have applied the enhancement that

4

the Government proved by a preponderance of the evidence.  Defendant's appeal does not raise a substantial question of law or fact likely to result in a reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.  For these reasons, this Court DENIES Defendant's motion for release pending appeal.

    IT IS SO ORDERED.

    Entered for the Court
this the 28th day of September, 2018

/s/ Joel M. Carson III_____
Joel M. Carson III
United States Circuit Judge
Sitting by Designation